UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

10-21118

Chapter 13 Plan (Recommended Form)

In Re:   **Maria Jenina A De Leon**                Case Number: _____

■ Original Plan
☐ Amended Plan

**CREDITORS: YOU SHOULD READ THIS PLAN CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT MAY MODIFY YOUR RIGHTS IN SEVERAL WAYS INCLUDING PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, SETTING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND SETTING THE INTEREST RATE ON YOUR CLAIM.**

1. **Plan Payments.** There shall be paid to the Chapter 13 Trustee the amount of **$ 690.00** each month by debtor(s), or any entity from whom debtor(s) receive income, in such installments as agreed upon with the Trustee, for payment of all existing debts of debtor(s) pursuant to this Plan, except as the Court may otherwise order. Payments from debtor(s) shall begin within 30 days of filing the petition or conversion order. Debtor(s) submit all future income to the supervision and control of the Trustee during this case and agree to pay sufficient funds to the Trustee on or before five years from commencement of this case to fully complete this Plan.

2. **Pre-confirmation Adequate Protection Payments.** If direct payments to creditors pursuant to §1326(a) are made, debtor will immediately provide trustee evidence of the payments including the creditor name and address and the amount and date of each payment. Trustee is under no obligation to adjust filed and allowed claims unless there is a court order or specific written direction from the claimant.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full pursuant to §1326(b) as set forth below unless the holder of such claim has agreed to a different treatment of its claim:

    (A). Trustees Fees: The Chapter 13 Trustee shall receive a fee at the time of each disbursement, the percentage of which is set by the United States Trustee.

    (B). Debtor's Attorney Fees: Debtor's attorney shall be paid after creditors listed in paragraph 7 except as checked below:

    __ Attorney fees paid in full prior to other claims. (Do not check this option if lease payments/adequate protection payments are necessary).

    __ Attorney fees to be paid at the rate of $__ per month prior to other claims. (If no amount is filled in attorney will be paid after creditors listed in paragraph 7).

    (C). Except as ordered by the court, other §1326(b) claims will be paid in installments as set forth by the trustee in advance of other claims. All other claims entitled to priority and post petition claims allowed by law shall be paid in full by deferred payments in such priority and installments as the trustee in his discretion deems appropriate, unless this plan specifically provides otherwise.

4. **Specified Leases, Personal Property (Trustee to pay).** Debtor(s) elect to assume the existing lease of personal property with the below named creditors:

    (A). REGULAR LEASE PAYMENTS: After payments provided in prior paragraphs, trustee shall make distribution to named lease creditors in the installment specified from funds available for distribution monthly until claim is paid in the amount allowed. Any option to purchase or any payments under a carry-over provision shall be paid by debtor(s) directly.

    (B). ARREARS LEASE PAYMENTS: After the regular monthly lease payment above, trustee shall pay any lease arrears to named lease creditors in the installment specified from funds available monthly until claim is paid in the amount allowed.

| Name of Creditor | Regular Monthly Payment Installment | Estimated Arrears | Arrears Installment |
|---|---|---|---|
| -NONE- | | | |

5. **Specified Secured Claims, Personal Property.** After payments provided for by prior paragraphs, Trustee shall make payment to creditors (their agents and assigns) named in this paragraph whose claims are allowed secured solely by personal property. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed secured plus interest at seven percent (7%) per annum unless a different percentage is specified below. The balance of the claim shall be treated as unsecured. **Upon confirmation, creditor will be deemed to accept the classification, valuation and interest rate set forth and payment pursuant to this provision will be binding, even if creditor is not subject to §506 valuation, unless creditor timely objects and the court orders otherwise.**

| Name of Creditor | Allowed Secured Value | Installment | (Optional) % Interest |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Case Number: _____

6. **Specified Secured Claims, Personal Property (§506 valuation not applicable) (purchase money security interest in vehicles purchased for personal use within 910 days of filing the petition or other secured debt within one year of filing the petition).** Creditors named in this paragraph shall be paid in the same priority as creditors listed in paragraph 5 above but in full for allowed claims secured solely by personal property for which §506 valuation is not applicable. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below. **Upon confirmation, the interest rate set forth will be binding unless creditor timely objects and the court orders otherwise.**

| Name of Creditor | Estimated Claim | Installment | (Optional) % Interest |
|---|---|---|---|
| Navy Fcu | 31,915.00 | 620.68 | 6.25 |

7. **Domestic Support Obligations.** After payments provided for in prior paragraphs, allowed claims for a domestic support obligation as defined by §507(a)(1), shall be paid, as to amounts due and payable at the commencement of the case, in full 100% to those creditors named below in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed without interest unless an optional interest percentage is specified below. Holders of claims for domestic support obligations, other than creditors specifically named will be paid as indicated in paragraph 3 of this plan. Post-petition support shall be paid by the debtor directly to support creditors as such payments become due and payable.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| -NONE- | | | |

**Assigned Domestic Support Obligations not to be paid in full.** If debtor's projected disposable income for a period of five years will be applied to make payments under this plan, debtor may provide for less than full payment to assigned Domestic Support Obligations (DSOs) defined in §507(a)(1)(B). Although the unpaid DSOs remain nondischargeable, after creditors provided for in prior paragraphs, debtor proposes to pay the below named assigned DSO creditors on their filed and allowed claims in installments from funds available for distribution monthly, non-cumulative, as indicated until the equivalent of 60 months of projected disposable income has been paid into the plan for distribution to creditors. If there are any remaining funds after payment to other creditors pursuant to the plan, those funds may be paid to any creditor in this paragraph whose claim is not paid in full.

| Name of Creditor | Estimated Claim | Installment |
|---|---|---|
| -NONE- | | |

8. **Secured Co-debtor claims.** After payments provided for by prior paragraphs, creditors (their agents and assigns) named in this paragraph who have allowed claims secured by personal property with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments are to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A. P. R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
|---|---|---|
| -NONE- | | |

9. **Real Estate or Mobile Homes (Trustee to pay arrears only).** Notwithstanding any other provision of this plan, during this case and following completion of this case, debtors shall make the usual and regular payments (including any balloon payments) called for by any security agreements supporting non-voidable liens against debtor's real estate or mobile home, directly to lien holders in a current manner. However, arrears to named lien holders (their agents and assigns) shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors paid pursuant to prior paragraphs of this plan, shall be paid in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments indicated until arrears claim is paid in amount allowed plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

Provisions of this paragraph shall operate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof, or by the laws or processes of a governmental unit, the time for redemption or reinstatement has expired. If there exist creditors not dealt with by this plan holding statutory or other liens against debtor's real estate or mobile home and the obligation is fully due, for reasons other than the exercise of power of acceleration for failure to make installment payments, unless the Court orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months time following the date of confirmation of this Plan. Unless otherwise specifically provided for elsewhere in the plan, secured tax claims shall be paid as though secured only by personal property even if also secured by real property.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| -NONE- | | | |

10. **Real Estate or Mobile Home (Trustee to pay entire claim).** Notwithstanding any other provisions of this plan, the below named creditors (their agents and assigns) who have security agreements supporting non-voidable liens against debtor's real estate or mobile home or are cross-collateralized shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors paid pursuant to prior paragraphs of this plan shall be paid on their allowed claims in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments as indicated until the allowed secured claim is paid 100% plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

| Name of Creditor | Estimated Claim | Installment | (Optional) % Interest |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                Best Case Bankruptcy

Case Number: _____

11. **Other secured personal property creditors and lease creditors.** After payments provided for in prior paragraphs, Trustee shall pay holders of other claims allowed secured solely by personal property. Any creditor holding a lease on personal property in debtor's possession with a filed and allowed claim, unless specifically dealt with elsewhere in this plan, shall be treated as a secured creditor herein. All claims pursuant to this paragraph shall be paid pro-rata with other such creditors to the amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below and in advance of distribution to general unsecured creditors:

(Optional) % interest: _____

12. **Unsecured co-debtor claims.** After payments provided for by prior paragraphs, creditors (their agents and assigns) named in this paragraph who have allowed unsecured claims with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments are to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A. P. R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
|---|---|---|
| -NONE- | | |

13. **Non-priority Unsecured Claims.** After dividends to all other creditors pursuant to the plan, trustee may pay dividends pro-rata to claims allowed unsecured. Unsecured non-priority creditors will receive:

**0 % or a pro-rata share of $ 19.41 , whichever is greater.** (The dollar amount is the greater of (1) the non-exempt assets or (2) the applicable commitment period of 36 or 60 months multiplied by debtor's projected disposable income). If both the percentage and dollar amount are left blank, trustee is to pay 100% to unsecured creditors. If the percentage is left blank, trustee will pay the dollar amount to unsecured creditors. If the percentage is filled in at less than 100% and the dollar amount is left blank, trustee is authorized to increase the percentage if necessary to comply with the required applicable commitment calculation.

14. **Special Unsecured Claims.** Notwithstanding any other provision of the plan, creditors named in this paragraph shall be paid as an unsecured claim but in full 100% of the claim amount allowed [Debtors represent compliance with section 1322(b)(1)].

| Name of Creditor | (Optional) Interest rate |
|---|---|
| -NONE- | |

15. **Exclusion of creditor.** Notwithstanding any other provision of the plan, debtor(s) elect to assume the existing lease or contract with creditors in this paragraph. These named creditors shall not be dealt with or provided for by this plan. All pre-petition and post-petition payments due to listed creditors, including defaults, should be disallowed as claims for payment herein, unless agreed upon by the Trustee with notice and an opportunity to object by Debtor.

| Name of Creditor | Collateral |
|---|---|
| -NONE- | |

16. **Rejection of Claim, Return of Collateral.** Debtor(s) elect not to assume the lease or contract with creditors (their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any secured claim arising from the transaction creating creditor's interest in said property.

| Name of Creditor | Collateral |
|---|---|
| -NONE- | |

17. **Post-Petition Claims.** Claims allowed for post-petition debts incurred by debtor(s) may be paid in full 100% of the claim in such order and on such terms as the Trustee, in his sole discretion, may determine. Trustee or any adversely affected party in interest may file to dismiss case if debtor(s) incur post-petition debts without the written consent of Trustee and debtor(s) fail to make sufficient payments to keep such obligations current.

18. **General Provisions.** Post-Petition earnings while this case is pending shall remain property of the estate and shall not vest in the debtor notwithstanding §1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these Plan provisions. Pursuant to section 1322(b)(3), Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in debtor's payment to Trustee under this Plan. Any tax refunds or other funds sent to the debtor(s) in care of the Trustee during this case may be deposited to debtor(s) account and disbursed to creditors pursuant to the plan.

19. **Other Provisions:**

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

Case Number: 10-21118

*Special Note: This plan is intended as an exact copy of the Chapter 13 (recommended form) plan last revised 9/05, except as to any added paragraphs after paragraph 18 above. The trustee shall be held harmless from any changes in this plan from the recommended plan dated 9/05.*

Plan Dated:     **November 30, 2010**            Debtor:  **/s/ Maria Jenina A De Leon**
**( DATE IS MANDATORY )**                                 **Maria Jenina A De Leon**

                                                 Joint Debtor:

**/s/ Carolina Kotzias**
Attorney for Debtor(s)
**San Diego Debt Relief**
**5353 Mission Center Road, Suite 210**
**San Diego, CA 92108**

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy